954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FLEMING COMPANIES, INC., Appellant,
v.
THRIFTWAY, INC., Appellee.
 No. 91-1373.
 United States Court of Appeals, Federal Circuit.
 Oct. 2, 1991.
 
 TTAB
 DISMISSED.
 ON MOTION
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Fleming Companies, Inc. and Thriftway, Inc. jointly petition the court for a determination of whether the April 11, 1991 decision of the Trademark Trial and Appeal Board (TTAB) is final and appealable.
 
 
 2
 The April 11, 1991 TTAB decision granted summary judgment to Thriftway on two principal issues. However, the TTAB stated:
 
 
 3
 With respect to Fleming's application Serial No. 73/498,242, ... it is not entitled to the expanded area listed in the application. Fleming must first prove, however, that concurrent use of its mark in its territory and Certified Grocer's use of its mark in its territory is not likely to cause confusion. It may submit such proof by an ex parte showing. Fleming is allowed until sixty days from the date hereof to submit its proofs (footnote omitted).
 
 
 4
 Proceedings herein remain otherwise suspended.
 
 
 5
 TTAB decision at 15-16.
 
 
 6
 Thriftway argues that the TTAB decision is not final as Fleming is still required to submit proof that the concurrent use of its mark and Certified Grocers' mark is not likely to cause confusion. Fleming "adopts the position that the nature of the TTAB's decision" permits it to appeal, but has not filed a separate response to Thriftway's argument.
 
 
 7
 In Copelands' Enterprises, Inc. v. CNV, Inc., 887 F.2d 1065 (Fed.Cir.1989) (in banc), we held that an order of the TTAB was prematurely appealed "[s]ince the appealed orders did not put an end to the litigation before the [TTAB]. [Appellant] must await and raise all claims of error in a single appeal." Copelands', 887 F.2d at 1068. Similarly, here, the TTAB decision, while granting summary judgment on two key issues, did not put an end to the litigation. Because the TTAB has not issued a final decision, Fleming's appeal is premature.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 Fleming's appeal is dismissed.